IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO:_____ |
| v. | : | DATE FILED:_____ |
| THE PALMER SOCIAL CLUB MICHAEL WEISS | : | VIOLATIONS: 26 U.S.C. § 7206(1) (filing false tax returns - 2 counts) |
| | : | 26 U.S.C. § 7212(a) (corrupt endeavor to impede the due administration of the tax code -1 count) |
| | : | 26 U.S.C. § 7206(2) (aiding and abetting the preparation and filing of false tax returns - 2 counts) |
| | : | |

**INDICTMENT**

**COUNT ONE**

THE GRAND JURY CHARGES THAT:

At all times relevant to this indictment:

**ENTITIES AND INDIVIDUALS**

1. In or about 1937, defendant PALMER SOCIAL CLUB ("PSC"), located at 601 Spring Garden Street in Philadelphia, Pennsylvania, became a nonprofit corporation organized under the laws of the Commonwealth of Pennsylvania.

2. In or about 1968, PSC received a federal income tax exemption from the Internal Revenue Service ("IRS"), an agency of the United States Department of Treasury.

3. The section of the Internal Revenue Code, under which PSC was granted a exemption from federal income taxation, was Title 26, United States Code, Section 501(c)(7), which permitted a group of individuals to form a corporate body if the organization was formed

exclusively for recreational and other nonprofit purposes.

4. Defendant MICHAEL WEISS was the principal operating officer and manager of PSC during tax years 2004 and 2005. In this capacity, defendant MICHAEL WEISS was responsible for the financial oversight and management of PSC's nonprofit social club functions.

5. Defendant MICHAEL WEISS's principal assistant in his oversight and operation of PSC was M.E.

6. M.E. was responsible for collecting bar receipts, and cash from other sources, that defendant PSC received for each night that the club was open for business.

7. Each night, after collecting the receipts and cash, M.E. prepared an accounting record, known as a "tally sheet," which listed cash taken from each bar cash register, and other revenues earned by the club, such as fees paid by people who were permitted to enter defendant PSC even though they were not registered members of the social club.

8. Each night, after defendant PSC's patrons departed the premises, M.E. placed the receipts, cash and the tally sheet in a large garbage bag which he then transported to defendant MICHAEL WEISS's residence. After depositing the garbage bag, M.E. departed from defendant MICHAEL WEISS's residence.

## PSC'S GROSS RECEIPTS UNDERSTATED ON IRS FORM 990

9. Defendant MICHAEL WEISS used the "tally sheet" to prepare PSC's financial records. He prepared two, instead of one, set of financial records using Quicken, a financial accounting type of computer software program.

10. On one set of records (Records 1), defendant MICHAEL WEISS recorded

the actual gross receipts that PSC had realized.  On the second set of records (Records 2), defendant MICHAEL WEISS understated the gross receipts that PSC had realized.

11. For example, for tax year 2004, as reflected in Records 1, PSC realized gross receipts of approximately $1,411,373.55, but only recognized approximately $528,228.00, as reflected in Records 2, thereby understating its gross receipts by $883,145.55 on IRS Form 990 which was signed, on PSC's behalf, by defendant MICHAEL WEISS.

12. PSC's understatement of gross receipts caused IRS Form 990, that was filed on its behalf for tax year 2004, to be materially false.

13. With regards to tax year 2005, as reflected in Records 1, PSC realized gross receipts of approximately $1,411,390.03, but only recognized approximately $ 641,409.00, as reflected in Records 2, thereby understating its gross receipts by approximately $768,981.03 on IRS Form 990 which was signed, on PSC's behalf, by defendant MICHAEL WEISS.

14. PSC's understatement of gross receipts caused IRS Form 990 that was filed on its behalf for tax year 2005 to be materially false.

15. The total amount of gross receipts not reported by PSC to the IRS for tax years 2004 and 2005 was approximately $1,653,126.58.

16. On or about August 18, 2005, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**PALMER SOCIAL CLUB**

willfully made and subscribed a United States Return of Organization Exempt from Income Tax, Form 990, for tax year 2004, which was verified by a written declaration that the return was made under the penalty of perjury and filed with the Director of the Internal Revenue Service at

the Odgen Utah Service Center, which defendant PALMER SOCIAL CLUB did not believe to be true and correct as to every material matter, in that the return reported total revenues of approximately $528,228.00 when, as defendant PALMER SOCIAL CLUB knew and believed, that the revenue earned by PSC for tax year 2004 was approximately $1,411,373.55

In violation of Title 26, United States Code, Section 7206(1).

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

    1.    Paragraphs 1 through 15 of Count One are incorporated by reference here.

    2.    On or about August 17, 2006, in Philadelphia, in the Eastern District of Pennsylvania, defendant

## PALMER SOCIAL CLUB

willfully made and subscribed a United States Return of Organization Exempt from Income Tax, Form 990, for tax year 2004, which was verified by a written declaration that the return was made under the penalty of perjury and filed with the Director of the Internal Revenue Service at the Odgen Utah Service Center, which defendant PALMER SOCIAL CLUB did not believe to be true and correct as to every material matter, in that the return reported total revenues of approximately $641,409.00 when, as defendant PALMER SOCIAL CLUB knew and believed, that the revenue earned by PSC for tax year 2004 was approximately $1,411,390.03.

    In violation of Title 26, United States Code, Section 7206(1).

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.      Paragraphs 1 through 15 of Count One and incorporated by reference here.

      2.      In or about 2004, and continuing to in or about 2005, at Philadelphia, in the Eastern District of Pennsylvania, defendant

**MICHAEL WEISS**

corruptly endeavored to obstruct and impede the due administration of the internal revenue laws by creating fictitious financial records of PSC's nonprofit functions and the results of its financial operations for the purpose of deceiving the Internal Revenue Service whereas, the defendant well knew, and believed, that the financial statements that he had given to PSC's corporate accountant, for use in preparing IRS Form 990 which PSC was required to file in tax years 2004 and 2005, understated PSC's actual gross receipts over a two-year period by approximately $1,653,126.58.

      In violation of Title 26, United States Code, Section 7212(a).

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

  1. Paragraphs 4 through 5, 8 through 11 and 13 of Count One are incorporated by reference here.

  2. On or about August 18, 2005, at Philadelphia, in the Eastern District of Pennsylvania, defendant

## MICHAEL WEISS

willfully aided, assisted in, procured, counseled, and advised the preparation and presentation to the Internal Revenue Service of a tax return, that is, an IRS Form 990 for tax year 2004, which was false as to a material matter. The Form 990 that the defendant aided and assisted in preparing stated that PSC had realized gross receipts of approximately $ 528,228.00, whereas, as the defendant then and there knew and believed, that the gross receipts realized by PSC for tax year 2004 was approximately $1,411,373.55.

  In violation of Title 26, United States Code, Section 7206(2).

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT**:

    1.    Paragraphs 4 through 5, 8 through 11 and 13 of Count One are incorporated by reference here.

    2.    On or about August 17, 2006, at Philadelphia, in the Eastern District of Pennsylvania, defendant

**MICHAEL WEISS**

willfully aided, assisted in, procured, counseled, and advised the preparation and presentation to the Internal Revenue Service of a tax return, that is, an IRS Form 990 for tax year 2005, which was false as to a material matter. The Form 990 that the defendant aided and assisted in preparing stated that PSC had realized gross receipts of approximately $ 641,409.00, whereas, as the defendant then and there knew and believed, that the gross receipts realized by PSC for tax year 2004 was approximately $ 1,411,390.03

    In violation of Title 26, United States Code, Section 7206(2).

**A TRUE BILL:**

_____
**GRAND JURY FOREPERSON**

_____
**MICHAEL L. LEVY**
**UNITED STATES ATTORNEY**